UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEANNE SHANTELL WHITNEY,

         Plaintiff,

         v.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

         Defendant.

Civil No. 06-6056-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

      Plaintiff Jeanne Shantell Whitney initiated this action pursuant to 42 U.S.C. § 405(g) of

the Social Security Act (the Act).  Plaintiff requests judicial review of a final decision by the

---

     [1]On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and
he should be substituted in these proceedings as such.  42 U.S.C. § 405(g); Fed. R. Civ. P. 25
(d)(1).

1  - OPINION AND ORDER

Commissioner of the Social Security Administration (SSA) denying her application for Social

Security Disability Insurance Benefits (DIB).  She seeks an order reversing the decision of the

Commissioner finding plaintiff disabled, and remanding this action for an award of benefits.  For

the reasons stated below, this case is remanded for an immediate calculation of benefits.

**ADMINISTRATIVE HISTORY**

Plaintiff alleges that she became disabled on October 15, 2002.  On November 19, 2002,

plaintiff filed an application for DIB.  After her application was denied initially and on

reconsideration, plaintiff was granted a hearing before Administrative Law Judge (ALJ) William

L. Stewart, Jr. on March 29, 2005.  On November 8, 2005, the ALJ issued a decision finding

plaintiff was not entitled to DIB.  Plaintiff appealed the ALJ's decision to the Appeals Council,

which denied her request for a review.  This denial rendered the Commissioner's decision final.

Plaintiff seeks judicial review of that decision.

**FACTUAL BACKGROUND**

Plaintiff was forty years old at the time of her hearing.  She graduated from high school

and attended three years of college.  She has worked as a secretary and administrative assistant.

Plaintiff alleges disability due to conditions including glaucoma, a migraine headache

disorder, multiple sclerosis, and degenerative disc disease in the cervical and lumbar spine.  Tr.

of Admin. R. (hereinafter, Tr.) at 14, 16-17.

**STANDARDS**

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to

engage in any substantial gainful activity (SGA) "by reason of any medically determinable

physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA.  20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. § 404.1520(e).

3  - OPINION AND ORDER

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four.  Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ.

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citation omitted).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720-21.

## SUMMARY OF THE ALJ'S FINDINGS

At Step One of the five-step analysis used by the Commissioner, the ALJ found that plaintiff had not engaged in SGA since the alleged onset of disability. Tr. 15. At Step Two, the ALJ found that plaintiff had severe impairments, including glaucoma, a history of headaches associated with the glaucoma, multiple sclerosis, obesity, cervical and lumbar degenerative disc disease, and trochanteric bursitis. Tr. 16-17. At Step Three, the ALJ found that plaintiff's impairments were not severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. Tr. 18.

The ALJ found that plaintiff retained a residual functional capacity (RFC) that limits her to lifting ten pounds frequently and twenty pounds occasionally; climbing stairs and ramps or balancing occasionally; and reading or using a computer for no more than twenty to thirty

minutes at a time.  Tr. 19.  She must avoid extremes of hot and cold and hazards; climbing a

ladder, rope, or scaffolding; and bending or squatting.  Tr. 19.

At Step Four, the ALJ found that plaintiff's past relevant work was incompatible with

plaintiff's RFC assessment.  Tr. 21.  As noted above, because of this finding, the burden shifted

from plaintiff to the Commissioner to show that there are other jobs existing in significant

numbers in the national economy that plaintiff can perform, consistent with her RFC, age,

education, and work experience.

At Step Five, after considering plaintiff's RFC to allow light work with additional

restrictions, the ALJ found plaintiff not disabled within the meaning of the Act.  Tr. 23.  The

ALJ, with the assistance of testimony from a vocational expert, determined that plaintiff could

perform light or sedentary work that existed in significant numbers in the national economy,

including employment as an airline security representative, a vehicle escort driver, a fishing reel

assembler, and a file clerk.  Tr. 22.  Accordingly, the ALJ concluded that plaintiff was not

entitled to an award of DIB.

## QUESTIONS PRESENTED

Plaintiff contends that the ALJ erred by (1) rejecting improperly the testimony of

plaintiff, (2) disregarding lay evidence provided by plaintiff's mother, friend, roommate, and

former co-worker, and (3) failing to prove that plaintiff retains the ability to perform "other

work" in the national economy.  Errors involving the evaluations of plaintiff's testimony compel

remanding this action for a calculation and award of benefits.  Accordingly, the possible merits

of plaintiff's other arguments need not be reached.

6   - OPINION AND ORDER

## ANALYSIS

As noted above, plaintiff argues that the ALJ erred in rejecting her testimony.  Plaintiff testified that she stopped working primarily due to problems with her vision.  Tr. 462.  Her eyes were easily fatigued and tired after twenty or thirty minutes of constant "work, reading, working on the computer" or anything that required the ability to focus.  Her eyes were also very sensitive to light, including fluorescent lighting, sunlight, natural lighting, and reflective light.  Tr. 465-66.  Exposure to too much light caused plaintiff to develop migraine headaches, which plaintiff experienced about once per week.  Tr. 467.  The migraine headaches usually lasted between twelve and twenty-four hours, during which time plaintiff stayed in a dark room and could not perform household chores.  Tr. 467-68, 471.  Although Imitrex helped her headaches, plaintiff tried to avoid taking it because it raised her eye pressure resulting from her glaucoma condition. *Id.*

If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ must make a credibility determination citing the reasons why that testimony is unpersuasive.  *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  The ALJ must identify specifically what testimony is credible and what testimony undermines the claimant's complaints.  *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In evaluating a claimant's claim of subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged.  20 C.F.R. § 404.1529(a); *Smolen v. Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation

omitted). An ALJ may consider medical evidence as a relevant factor in determining a

claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* (reaffirmed in *Bunnell*) to

assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony. *See* 799

F.2d 1403 (9th Cir. 1986). If the claimant produces evidence that meets the *Cotton* test, and

there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the

severity of symptoms only after offering specific, clear and convincing reasons for doing so. *See*

*Dodrill*, 12 F.3d at 918.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms

must meet two tests. First, the claimant "must produce objective medical evidence of an

underlying impairment 'which could reasonably be expected to produce the pain or other

symptoms alleged.'" *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A)); *see also*

*Cotton*, 799 F.2d at 1407. Second, he or she must show that the impairment or combination of

impairments could reasonably be expected to (not necessarily that it did) produce some degree of

symptom. This means that the claimant need not produce objective medical evidence of the

*symptom*, or the severity thereof:

> Nor must the claimant produce objective medical evidence of the causal
> relationship between the medically determinable impairment and the symptom.
> By requiring that the medical impairment "could reasonably be expected to
> produce" pain or another symptom, the *Cotton* test requires only that the causal
> relationship be a reasonable inference, not a medically proven phenomenon.
> Finally, the claimant need not show that her impairment could reasonably be
> expected to cause the severity of the symptom she has alleged; she need only
> show that it could reasonably have caused some degree of the symptom. This
> approach reflects the highly subjective and idiosyncratic nature of pain and other
> such symptoms. . . . Thus, the ALJ may not reject subjective symptom testimony
> under the *Cotton* analysis simply because there is no showing that the impairment
> can reasonably produce the *degree* of symptom alleged.

8  - OPINION AND ORDER

*Smolen*, 80 F.3d at 1282 (emphasis added) (citations and footnote omitted).

In addition to medical evidence, factors relevant to the ALJ's credibility determination include: a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms. *Id.* at 1284; 20 C.F.R. § 404.1529(c)(3). "The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284 (citation omitted). In determining that subjective testimony is not credible, the ALJ may rely on:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Id.* (citations and footnote omitted).

In sum, if the plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of the symptoms plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms unless there are clear and convincing reasons for doing so. *Id.* at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

In this case, plaintiff produced objective medical evidence that she suffers from glaucoma and migraine headaches, which the ALJ found constituted severe impairments, and that these conditions cause the limitations to which plaintiff testified.

In August 2002, plaintiff's treating neurologist, Sidney Piercey, M.D., diagnosed plaintiff with a migraine headache disorder triggered by visual changes.  Tr. 381.

In October 2003, plaintiff's treating opthamologist, John Morrison, M.D., wrote that plaintiff had "a particularly difficult case of glaucoma" with extensive visual field loss, particularly on the left, and definite optic nerve damage on the right.  Tr. 250.  He stated that plaintiff had undergone two filtering procedures on the left side, in addition to needling procedures, which had failed to control her intraocular pressure, and that he was certain plaintiff would require further surgery.  *Id.*

Dr. Morrison referred plaintiff to John Boyer, M.D., an opthalmologist specializing in low vision rehabilitation, to examine the connection between plaintiff's eye strain and her migraine headaches:

> [P]laintiff has been bothered significantly by headaches that seemed to begin as eye strain and then regularly transform into migraines.  These have been getting increasingly worse in the past couple of months, and she specifically relates these to working at her desk with a computer. . . . Because of the frequency of this problem and the extent of her visual field loss, I have advised that she see you for careful evaluation to see what can be done to reduce her eye fatigue.  She currently needs to take Imitrex on a regular basis for her migraines, and I would like to diminish this as much as possible.

Tr. 287.

Dr. Morrison and Dr. Boyer wrote a letter explaining that glaucoma often causes the functional problems to which plaintiff testified, including light and glare sensitivity and reduction in contrast perception that precluded prolonged computer work:

> Clearly, given these findings, and the fact that neural summation of the two dissimilar visual fields would result in binocular rivalry and visual confusion, it is not surprising that [plaintiff] should have functional deficits, including contrast sensitivity, sufficient to make it extremely difficult to perform her work duties, specifically those related to prolonged computer work.

Tr. 405.

The doctors' opinion that plaintiff's glaucoma precluded prolonged computer work corroborates her testimony that she cannot perform work requiring her to focus her eyes for longer than twenty to thirty minutes. Accordingly, the ALJ was required to provide clear and convincing reasons to reject that testimony. The ALJ must rely either on reasons unrelated to plaintiff's testimony (e.g., reputation for dishonesty), on conflicts between her testimony and her own conduct, or on internal contradictions in that testimony. *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-885 (9th Cir. 2006).

The court disagrees with the ALJ's conclusion that plaintiff's described daily activities were inconsistent with her alleged limitations. Tr. 20. Although plaintiff testified that she performed household chores including grocery shopping, she stated that she performed no chores when she had a migraine headache and usually developed a headache by the time she finished shopping due to the exposure to light. Tr. 471-73. This testimony does not conflict with plaintiff's allegation that glaucoma and the resulting migraines prevent her from focusing on anything for longer than twenty to thirty minutes, or that she gets a migraine about once a week. The fact that plaintiff can perform some activities with difficulty fails to establish an ability to tolerate a "sustained daily work routine." *Cox v. Califano*, 587 F.2d 988, 990 (9th Cir. 1978) (the concept of RFC involves the ability to tolerate a "sustained daily work routine" at the level of exertion being considered); *see also Smolen*, 80 F.3d at 1284, n.7 ("[T]he Social Security Act does not require a plaintiff to be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to

11 - OPINION AND ORDER

rest periodically or take medication").  Because the ALJ failed to provide legally sufficient

reasons for rejecting plaintiff's testimony, this action must be remanded.

Whether an action is remanded for an award of benefits or for further proceedings

depends on the likely utility of additional proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179

(9th Cir. 2000).  The decision whether to remand for further proceedings or for immediate

payment of benefits is within the discretion of the court.  *Id.* at 1178.  A reviewing court should

credit evidence and remand for a finding of disability and an award of benefits if: 1) the ALJ

failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding

issues to be resolved before a determination of disability can be made; and 3) it is clear from the

record that the ALJ would be required to find the claimant disabled if the evidence in question

were credited as true.  *Smolen*, 80 F.3d at 1292.

Under these standards, remand for a finding of disability and an award of benefits

is appropriate here.  Because it is clear from the record that, accepting plaintiff's testimony as

true, the ALJ would be required to find plaintiff entitled to DIB, this court remands this action to

the SSA to calculate and award benefits.  *See Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir.

2004) (remanding for immediate award of benefits when ALJ failed to provide legally sufficient

reasons for rejecting claimant's testimony and testimony by vocational expert established that

claimant's testimony, taken as true, demonstrated that claimant was unable to perform his

previous work or any other kind of substantial gainful work which exists in the national

economy).

The Commissioner concedes that the ALJ improperly found that plaintiff could perform

work as an airline security representative or file clerk, since both positions require bending or

stooping and so conflict with plaintiff's RFC as described by the ALJ. Def.'s Brief at 17. In questioning directed to the vocational expert (VE) who testified at plaintiff's hearing, the VE conceded that an inability to focus one's eyes on something for more than thirty minutes would preclude performing every other job identified. Tr. 484-85. The VE further testified that an inability to attend work once a week because of migraines would render plaintiff unemployable. Tr. 484. Therefore, there are no outstanding issues that must be resolved before a determination of plaintiff's disability can be made. Based upon the administrative record before the court, there is no doubt that crediting plaintiff's testimony requires a finding that plaintiff is disabled.

It is clear from the record that the ALJ must find the claimant disabled after crediting the evidence in question, and additional proceedings are unnecessary to determine plaintiff's entitlement to benefits. The record is fully developed, and further proceedings "would serve no useful purpose." *See Smolen*, 80 F.3d at 1292; *see also Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits). When it is evident from the record that benefits should be awarded, remanding for further proceedings would only needlessly delay the realization of the primary purpose of the Act. *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995) (citation omitted); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993). Moreover, permitting the Commissioner a further opportunity to amend findings to comport with the denial of disability benefits is not in the interests of justice. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

## **CONCLUSION**

13 - OPINION AND ORDER

Based on the foregoing, this court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose.  Under the applicable standards, after giving the evidence in the record the effect required by law, plaintiff Jeanne Shantell Whitney is unable to engage in any substantial gainful activity by reason of her impairments, and she is disabled under the Act.  Accordingly, the final decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the calculation and award of benefits to plaintiff.

IT IS SO ORDERED.

DATED this _____3_____ day of April, 2007.


   /s/ ANCER L. HAGGERTY____
        ANCER L. HAGGERTY
     United States District Judge